UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE EDWARD ATWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-01886-JRS-DLP ) |
| KRIS FEWELL, | ) ) ) |
| Defendant. | ) |

**Order on Motion for Relief from Judgment and Motion to Reconsider**

## I.  Introduction

This was a wrongful arrest case.  The Court dismissed Jesse Atwood's claims against police officer Kris Fewell as barred by the doctrine of claim preclusion: Atwood had previously litigated the same and closely related claims in state court, where they were dismissed with prejudice.  (Order on Various Motions, ECF No. 55.)

Now before the Court are Atwood's "Motion for Relief of Judgment Pursuant to Trail Rule 60(b) and 59(e)," (ECF No. 57), and his "Motion to Reconsider Appointment of Counsel for Plaintiff," (ECF No. 58).

## II.  Discussion

### A.  Relief from Judgment

Atwood's "Motion for Relief [from] Judgment" is brought under either Rule 59(e) or Rule 60.  Fed. R. Civ. P. 59(e), 60.  (Pl.'s M. 1, ECF No. 57.)  Because Atwood has filed his motion outside the strict 28-day time limit imposed by Rule 59(e), the Court will consider his motion under the standards of Rule 60(b).  Fed. R. Civ. P. 59(e),

60(b); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion.") Rule 60(b) allows the Court to grant relief in six circumstances specified by rule. *Id.* at 667. But "errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." *Id.* (quoting *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009)); *but see Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022) (holding "errors of law are indeed 'mistake[s]' under Rule 60(b)(1)"). Rule 60(b) is "'an extraordinary remedy and is granted only in exceptional circumstances,' [so] a district court abuses its discretion only when 'no reasonable person could agree' with the decision to deny relief." *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

Atwood argues in his motion that the sentencing judge in his state criminal case ought to have recused himself. (Pl.'s M. 1, ECF No. 57.) Fewell replies that Atwood signed an "Agreement to Waive Conflict" in that case, which is attached to Fewell"s Response. (Ex. 2, ECF No. 60-2.) Atwood's argument is meritless. It also should have been raised before now.

Atwood also seems to argue that his dilatory prosecution of the state court civil case, which led to the claim-preclusive dismissal with prejudice there, was excused by his situation as a prisoner. That argument is foreclosed by the state court's ruling on Fewell's motion to dismiss for failure to prosecute in that case. (ECF No. 30-4.) Besides, Atwood himself indicates that he has roughly ten suits pending in various

courts. (ECF No. 58.) Clearly he has no trouble with access to the courts. And this argument, too, should have been raised long ago.

Atwood presents no new matter to suggest extraordinary relief is proper here. The Court stands by its rulings; Atwood's motion for Rule 60(b) relief is denied.

### B. Recruiting Counsel

Atwood's "Motion to Reconsider Appointment of Counsel for Plaintiff," (ECF No. 58), is futile because this case is over. Even if it were to reconsider, though, the Court would reach the same conclusion as before. The recruitment of counsel is a privilege—a costly privilege—and the Court retains discretion to award or deny it. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing 28 U.S.C. § 1915(e)(1)). First, this case is meritless, and recruited counsel would be a waste. Second, though, "the court must examine 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar,* 781 F.3d at 696. Atwood's filings are coherent, and his case is simple. There is no need for recruited counsel here.

### III. Conclusion

Atwood's "Motion for Relief of Judgment Pursuant to Trail Rule 60(b) and 59(e)," (ECF No. 57), is **denied**, and his "Motion to Reconsider Appointment of Counsel for Plaintiff," (ECF No. 58), is also **denied.**

**SO ORDERED.**

Date: 10/28/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

JESSE EDWARD ATWOOD
141915
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838
PRO SE

Stephen A. Semotuk
Selective Staff Counsel of Indiana
900 E. 96th Street
Suite 425
Indianapolis, IN 46240
317-815-4664
Fax: 855-515-8240
Email: stephen.semotuk@selective.com
ATTORNEY TO BE NOTICED